IT IS SO ORDERED

*Susan Illston*

Judge Susan Illston

1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   2039 Shattuck Avenue, Suite 308
3  Berkeley, California  94704
   Telephone: (510) 788-5100
4  Facsimile:  (510) 291-3226
   E-mail:    sgt@tidricklaw.com
5  E-mail:    jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiff Michael Williams

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  MICHAEL WILLIAMS, on behalf of himself
    and all others similarly situated,        Civil Case No.: 3:12-cv-06493-SI
11
                    Plaintiff,                **STIPULATION FOR PLAINTIFF TO
12                                             FILE SECOND AMENDED COMPLAINT
         v.                                    AND EXTENSION OF TIME FOR
13                                             DEFENDANT TO FILE RESPONSE**
    SUPERSHUTTLE INTERNATIONAL, INC.
14  d/b/a COMPASS TRANSPORTATION; SFO         (N.D. Cal. Civ. L.R. 6-1(a); F.R.C.P. 15(a)(2))
    AIRPORTER, INC. d/b/a COMPASS
15  TRANSPORTATION; and DOES 1-100,

16                  Defendants.

17

18          Pursuant to Northern District of California Civil Local Rule 6-1(a) and Fed. R. Civ. P.

19  15(a)(2), the parties hereby stipulate that Plaintiff may file a Second Amended Complaint, a

20  copy of which is attached as Exhibit A (without the FLSA consent forms), and Defendant's

21  deadline for filing a response to such complaint is extended to be 21 days after it is filed.  The

22  parties further stipulate that for statute of limitations purposes, the new claim for "meeting

23  time" does not "relate back" to the previously filed complaints pursuant to F.R.C.P. 15(c).

24  Dated:  May 6, 2013                    THE TIDRICK LAW FIRM

25                                         /s/ Steven G. Tidrick

26                                         _____
                                           STEVEN G. TIDRICK
                                           Attorneys for Plaintiff
27

28

                                            1

Dated:  May 6, 2013

GLEASON & FAVAROTE, LLP

/s/ Torey J. Favarote

_____
TOREY J. FAVAROTE
Attorneys for Defendants

2

STIPULATION FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT AND EXTENSION OF TIME FOR
DEFENDANT TO FILE RESPONSE - 3:12-cv-06493-SI

Exhibit A

1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   2039 Shattuck Avenue, Suite 308
3  Berkeley, California 94704
   Telephone: (510) 788-5100
4  Facsimile: (510) 291-3226
   E-mail:    sgt@tidricklaw.com
5  E-mail:    jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiff Michael Williams

7

8                IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 MICHAEL WILLIAMS, on behalf of himself
   and all others similarly situated,          Civil Case No.: 3:12-cv-06493-SI
11
                     Plaintiff,                 **SECOND AMENDED COLLECTIVE AND
12                                               CLASS ACTION COMPLAINT FOR
            v.                                   VIOLATIONS AND/OR RECOVERY OF:**
13                                                  **(1) FAIR LABOR STANDARDS ACT;**
   SUPERSHUTTLE INTERNATIONAL, INC.               **(2) CALIFORNIA LABOR CODE;**
14 d/b/a COMPASS TRANSPORTATION; SFO             **(3) CALIFORNIA INDUSTRIAL**
   AIRPORTER, INC. d/b/a COMPASS                      **WELFARE COMMISSION WAGE**
15 TRANSPORTATION; and DOES 1-100,                   **ORDERS;**
                                                  **(4) CIVIL PENALTIES UNDER THE**
16                   Defendants.                      **CALIFORNIA LABOR CODE**
                                                      **PRIVATE ATTORNEY GENERAL**
17                                                    **ACT OF 2004, § 2699(a),(f) CIVIL**
                                                      **PENALTIES UNDER THE**
18                                                    **CALIFORNIA LABOR CODE**
                                                      **PRIVATE ATTORNEY GENERAL**
19                                                    **ACT OF 2004, § 2699(a),(f); and**
                                                  **(5) CALIFORNIA'S UNFAIR**
20                                                    **COMPETITION ACT, BUS. &**
                                                      **PROF. CODE §§ 17200** *et seq.*
21
                                                **DEMAND FOR JURY TRIAL**
22
                                                FLSA Wages and Overtime
23                                              29 U.S.C. §§ 206, 207, 215, 216(b)

24

25        Plaintiff Michael Williams, on behalf of himself and all others similarly situated, and

26 all others who consent to become Party Plaintiffs, alleges as follows:

27                            **NATURE OF THE CASE**

28    1.       Plaintiff was formerly employed as a bus operator (hereinafter "operator" or

                                              1

"operators") by Defendants SUPERSHUTTLE INTERNATIONAL, INC. d/b/a COMPASS TRANSPORTATION and SFO AIRPORTER, INC. d/b/a COMPASS TRANSPORTATION (hereinafter collectively "Defendant") and seeks to represent other current and former operators providing fixed route shuttle services in this collective and class action against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of failing to (a) provide rest breaks and (b) pay its operators for all compensable work performed by such employees, including minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the California Labor Code, California Business and Professions Code §§ 17200 *et seq.*, (hereinafter "UCL") and California Industrial Welfare Commission Order No. 9-2001 (hereinafter "Wage Order No. 9").  This lawsuit seeks to enforce non-waivable statutory rights and to recover damages resulting from Defendant's failure to pay its operators for time that was necessary and integral to these employees' principal duties, and that was incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant.  Plaintiff seeks declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because some or all of the actions alleged herein occurred within the Northern District of California.

4.      Intradistrict Assignment.  A substantial part of the events and/or omissions that give rise to the claims alleged herein occurred in San Mateo County, and accordingly this action may be assigned to the San Francisco Division or the Oakland Division.

2

## **PARTIES**

5.      Plaintiff Michael Williams was formerly employed by Defendant as an operator.  He sues on his own behalf, and as class representative on behalf of similarly situated operators who are or were employed by Defendant within the applicable statute of limitations.  True and correct copies of executed Consent to Become Party Plaintiff forms are attached hereto as Exhibit A.  Plaintiff will file additional Consent to Become Party Plaintiff forms executed by similarly situated operators as they are secured.

6.      Defendants SUPERSHUTTLE INTERNATIONAL, INC. d/b/a COMPASS TRANSPORTATION, and SFO AIRPORTER, INC. d/b/a COMPASS TRANSPORTATION are private transportation operators.

7.      The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

8.      Plaintiff is informed and believes and thereon alleges that each of the Defendants were acting as the agent, employee, partner, or servant of each of the remaining Defendants and was acting within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

9.      In violation of the terms of California law and federal law, Defendant has at all material times failed and refused to pay its operators providing fixed route shuttle services for all compensable: (1) pre/post-trip inspection time, (2) time spent waiting between shifts, (3) medical examination time, (4) time spent by an operator to maintain his or her commercial drivers license, (5) time spent in mandatory meetings with supervisors, and (6) any applicable overtime due for such compensable time (as alleged more fully below).

3

10. <u>Inspection Time</u>. Defendant requires operators to inspect a bus at the completion of run assignments. All such time that operators spend to inspect buses is referred to in this Complaint as "inspection time."

11. This inspection time is caused by Defendant's requirement and is for the convenience/benefit of Defendant only.

12. Despite the requirements of federal law and/or California law, Defendant has failed to pay operators for all inspection time actually incurred, and has failed to pay operators for inspection time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

13. <u>Waiting Time</u>. Defendant commonly schedules many "runs" to have split shifts that require operators to drive more than one (1) shift during a given day. In between the shifts the employee is unable to use the time effectively for his/her own purposes as he/she is still controlled by Defendant. The time spent waiting by an operator between a shift shall be referred to hereinafter as "waiting time."

14. This waiting time is caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

15. Despite the requirements of federal law and California Law, Defendant has failed and refused to pay operators for all waiting time actually incurred, and has failed and refused to pay operators for waiting time at one and one half (1.5) times their regular rate of pay (time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

16. <u>Medical Examinations</u>. At the request of the Defendant, operators are required to take medical and/or physical examinations in connection with their employment. This type of activity will be called "examination time" in the remainder of this Complaint.

17. Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay operators for all examination time actually incurred, and has failed and refused to pay operators for examination time at one-and-a-half (1.5) times their regular

4

rate of pay (time-and-a-half) when such time causes their total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

18.    <u>License Time</u>. In connection with their employment for Defendant and at the request of the Defendant, operators are required to go to and spend time at the California Department of Motor Vehicles regarding licensing to operate commercial vehicles. This type of activity will be called "license time" in the remainder of this Complaint.

19.    Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay operators for all license time actually incurred, and has failed and refused to pay operators for such time at one-and-a-half (1.5) times their regular rate of pay (time-and-a-half) when such time causes their total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

20.    <u>Meeting Time</u>.  Defendant requires operators to attend mandatory meetings while employed by Defendant.  The time that operators spend at such meetings will be called "meeting time" in the remainder of this Complaint.

21.    This meeting time is caused by Defendant's requirement and is for the convenience/benefit of Defendant only.

22.    Despite the requirements of federal law and California law, Defendant has failed to pay operators for all meeting time actually incurred and failed to pay operators for meeting time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

23.    <u>Time Records</u>.  Defendant do not keep accurate records of the actual amount of operators' above-referenced inspection time, waiting time, examination time, license time, and meeting time, despite the fact that such time is necessary and integral to these employees' principal duties, and is incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant, including being required by Defendant's route and scheduling decisions. Defendant's breach of its obligation to keep accurate records of such compensable time has resulted in a lack of accurate records to show exactly how much

5

compensable time operators have spent in such time.  Plaintiff is unable to state with precision the amount of such time for which operators are uncompensated, but can reasonably estimate this time based on a review of documents that are in Defendant's sole and exclusive possession.  Plaintiff will establish good faith estimates of the amount of his uncompensated compensable time and damages after completing discovery and analyzing Defendant's evidence.

24.     Rest Breaks. Pursuant to the IWC Order No. 9, operators are entitled to ten (10) minutes of paid rest break for each four (4) hour period of work or major fraction thereof, which is referred to in this Complaint as "rest break."

25.     Defendant's run design and scheduling require bus operators to work through their ten (10) minute period to stay on schedule. As a result, bus operators are not allowed to take their ten (10) minute rest break earned after each four (4) hours worked.  Despite the requirements of California law, Defendants have failed to provide operators rest breaks.

26.     Defendant's willful refusal to pay.  Defendant has continuously failed to correct the violations described herein.  Plaintiff has been deprived of his legally mandated compensation for compensable time, as alleged herein, due to Defendant's willful refusal to pay operators for all such compensable time.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

27.     Plaintiff bring the First Cause of Action (for violations of the FLSA) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position providing fixed route shuttle services on or after December 21, 2009.

28.     Plaintiff and on behalf of other similarly situated operators defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked.

6

Named Plaintiff and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

29.   The names and addresses of the individuals who comprise the FLSA Collection are available from Defendant.  Accordingly, Plaintiff herein prays for an Order requiring Defendant to provide the names and all available locating information for all members of the FLSA Collection, so notice can be provided regarding the pendency of this action, and of such individuals' right to opt-in to this action as party-Plaintiff.

30.   Plaintiff brings the Second through Seventh Causes of Action as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, defined initially as follows, and hereinafter referred to as the "California Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position providing fixed route shuttle services in California on or after December 21, 2009.

Excluded from the class are anyone employed by counsel for Plaintiff in this action, and any Judge to whom this action is assigned and his or her immediate family members

31.   Plaintiff brings the Eighth Cause of Action (the claims under § 17200 *et seq*.) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, defined initially as follows, and hereinafter referred to as the "Section 17200 Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position providing fixed route shuttle services on or after December 21, 2008.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any Judge to whom this action is assigned and his or her immediate family members.

7

32.   <u>Numerosity</u>.  Defendant has employed hundreds of individuals as operators during the relevant time periods.

33.   <u>Existence and Predominance of Common Questions</u>.  Common questions of law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes.  The common questions include the following:

a.   Whether Defendant's policy and practice of not compensating their operators for all inspection time, waiting time, examination time, license time, and meeting time violates California labor laws;

b.   Whether Defendant's policy and practice with respect to rest breaks violates Wage Order No. 9 and/or the California Labor Code;

c.   Whether Defendant's payroll policies and practices have violated California Labor Code §§ 201, 202, 203, 204 and 226;

d.   Whether Defendant's practices have violated the UCL;

e.   Whether the class members are entitled to unpaid wages, waiting time penalties, and other relief;

f.   Whether Defendant owes civil penalties under the Private Attorney General Act of 2004, codified at Labor Code § 2698 *et seq*. (hereinafter "PAGA"), and specifically under Labor Code § 2699(a),(f), for violations of Wage Order No. 9 and/or the California Labor Code;

g.   Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the class members; and

h.   Whether Plaintiff and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

34.   <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the proposed classes.  Defendant's common course of conduct in violation of law as alleged herein has caused

8

Plaintiff and the proposed classes to sustain the same or similar injuries and damages. Plaintiff's claims are therefore representative of and co-extensive with the claims of the proposed classes.

35.     Adequacy. Plaintiff is an adequate representative of the proposed classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the proposed classes.

36.     Superiority. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

37.     In the alternative, the proposed classes may be certified because:

a.   the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant; and Defendant has acted and/or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

**FIRST CAUSE OF ACTION**

**Violations of the Fair Labor Standards Act**

**(By the FLSA Collection)**

38.     Plaintiff incorporates by reference all paragraphs above as if fully set forth

9

herein.

39.     At all material times, Plaintiff and all similarly situated operators who submit Consents to Become Party Plaintiff forms are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

40.     The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime.  29 U.S.C. §§ 206, 207, 215.

41.     At all material times, inspection time, waiting time, examination time, license time, and meeting time described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.  29 C.F.R. § 785.38.

42.     At all material times, Defendant has violated the FLSA by failing to pay operators for all compensable work time, including but not limited to, inspection time, waiting time, examination time, license time, and meeting time, plus applicable overtime.

43.     At all material times, Defendant has violated the FLSA by failing to pay operators at one-and-one-half (1.5) times the regular rate of pay when inspection time, waiting time, examination time, license time, and meeting time causes an operator's total hours worked to exceed forty (40) hours in a week.

44.     Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their operators.  29 U.S.C. § 211(c).

45.     Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

46.     Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

47.     Defendant has acted neither in good faith nor with reasonable grounds to

10

believe that their actions and omissions were not a violation of the FLSA.  Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

48.     As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiff and all similarly situated individuals.  Defendant is liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

<u>**SECOND CAUSE OF ACTION**</u>

**Failure to Pay All Straight Time and/or Overtime Worked in Violation of California Labor Code §§ 510, 1194, 1197, 1198, and 1199; and IWC Wage Order 9-2001**

**(By the California Class)**

49.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

50.     Plaintiff and the proposed California Class have been required by Defendant to work off-the-clock without compensation, including but not limited to, inspection time, waiting time, examination time, license time, and meeting time, which is compensable work time, and Defendant is required by law to pay operators for this time.  By failing to compensate operators for all hours worked, Defendant has violated Wage Order 9 and California Labor Code §§ 510, 1194, 1197, 1198 and 1199.

51.     Plaintiff and the proposed California Class have been required and permitted to work shifts lasting over eight (8) hours in duration for which they were not paid overtime wages. Pursuant to Wage Order 9 and California Labor Code §§ 510, 1194, 1197, 1198 and 1199 it is unlawful for an employer to fail to pay at one and one-half (1.5) time the regular rate for all hours worked over eight (8) in a day/or over forty (40) in a week.

52.     Pursuant to Wage Order 9 and California Labor Code §§ 1194 and 1198, Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, liquidated

11

damages in an amount equal to the unpaid minimum wages, plus reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226 and IWC Wage Order 9-2001**

**(By the California Class)**

53.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

54.     Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiff and members of the proposed California Class in accordance with California Labor Code § 226 and Wage Order 9.  The wage statements that Defendant has provided to its operators, including Plaintiff and the proposed California Class members, do not accurately reflect the actual hours worked and wages earned, because they do not include the appropriate amount of time regarding inspection time, waiting time, examination time, license time, and meeting time.

55.     Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff and members of the proposed California Class in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional.  Accordingly, Defendant are liable for damages and penalties under Labor Code § 226.

## FOURTH CAUSE OF ACTION

**Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203**

**(By the California Class)**

56.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

57.     California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202(a) requires an employer to pay compensation due and owing within seventy-two (72) hours of an employee's termination of employment by resignation.

12

California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

58.     Certain members of the proposed California Class are no longer employed by Defendant but have not been paid full compensation for all hours worked, as alleged above. They are entitled to unpaid compensation for all hours worked in the form of inspection time, waiting time, examination time, license time, and meeting time, and any applicable overtime, for which to date they have not received compensation.

59.     Defendant has failed and refused, and continue to willfully fail and refuse, to timely pay compensation and wages to the Plaintiff and members of the proposed California Class whose employment with Defendant terminated during the class period, as required by California Labor Code §§ 201 and 202.  As a direct and proximate result, Defendant is liable to Plaintiff and proposed California class members for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203, together with interest thereon.

60.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff and Class members are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure To Pay All Waged Owed Every Pay Period Under California Labor Code § 204**

**(By the California Class)**

61.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

62.     At all times relevant during the liability period, Plaintiff and the other members of each Class were employees of Defendant covered by Labor Code § 204.

63.     Pursuant to Labor Code § 204, Plaintiff and members of each Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

13

64.     Defendant failed to pay Plaintiff and other similarly situated employees all wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all times relevant during the liability period, Defendant maintained a policy or practice of not paying Plaintiff and other similarly situated employees, overtime wages for all overtime hours worked.

65.     As a result of Defendant's unlawful conduct, Plaintiff and members of each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from Defendant's records or indirectly based on information from Defendant's records.

66.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and members of the Class are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

**Failure to Allow Rest Breaks Pursuant to Labor Code § 226.7 and IWC Order 9-2001**

**(By the California Class)**

67.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

68.     Wage Order No. 9 provides that employees are entitled to a paid ten (10) minute rest period  for every four (4) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over four (4) hours per shift without receiving a paid ten (10) minute rest period and/or being permitted to take such rest break.

69.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9 Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable,

14

including premium pay for each missed rest break, plus reasonable attorneys' fees and costs,
waiting time penalties to those employees no longer employed by Defendant, as well as any
penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

**SEVENTH CAUSE OF ACTION**

**PAGA CLAIMS, California Labor Code § 2699(a), (f)**

**(By the California Class)**

70.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

71.     Under PAGA, "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."  California Labor Code § 2699(a).

72.     PAGA also provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code § 2699(f)(1)-(2).

73.     Plaintiff brings this action under PAGA individually and as a representative suit on behalf of all current and former employees pursuant to the procedures in Labor Code § 2699.3 or in the alternative as a class action as alleged above

74.     Plaintiff satisfied the pre-filing notice and exhaustion of administrative remedies requirement under Labor Code section 2699.3(a).

15

75.     As alleged above, Defendant has violated several provisions of the California Labor Code, including but not limited to Labor Code §§ 201, 202, 203, 510,  218.5, 218.6, 226.3, 226(a), 510, 558, 1194, 1197, 1198, 1199, and Wage Order 9-2001, for which Plaintiffs seek recovery of civil penalties under Labor Code §§ 2698 and 2699(f).

76.     WHEREFORE, Plaintiffs seek penalties and interest as allowed by law, costs of suit, and any further relief that the Court deems appropriate.

### EIGHTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.***

**(By the Section 17200 Class)**

77.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

78.     Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful and/or unfair business acts and/or practices pursuant to the UCL, which prohibits all unlawful and/or unfair business acts/or practices.

79.     Plaintiff assert these claims as they are representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who have been exposed to Defendant's unlawful and/or unfair acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

80.     Defendant's failure to properly pay for all hours worked, failure to pay overtime, failure to pay all wages when they were due and upon termination, failure to provide accurate and itemized wage statements, as alleged above, constitutes unlawful and/or unfair business acts and/or practices within the meaning of the UCL.

81.     As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class members. Defendant should be enjoined from this activity and provide restitution by restoring to Plaintiff and the other Class members the wrongfully withheld wages.

16

82.     The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

83.     Defendant's misconduct as alleged herein gave Defendant an unfair competitive advantage over its competitors.

84.     As a direct and proximate result of the aforementioned acts, Defendant, Does 1-20, and each of them, received and continues to hold monies which Plaintiff and the other Class members have a possessory interest in.

85.     Defendant's conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's respective businesses, and thereby constitutes violations of the UCL.  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

86.     Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

87.     WHEREFORE, Plaintiff and other Class members are entitled to equitable relief, including premium pay, restitution, attorneys' fees and costs, prejudgment interest, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or unfair activity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a)  For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto.

b)  For an order certifying that the Second through Seventh Causes of Action of this Complaint may be maintained as a class action pursuant to Federal Rule of Civil

17

Procedure 23 on behalf of a class on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order certifying that the Eighth Cause of Action of this Complaint may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the Section 17200 Class;

d) For an order designating Plaintiff as class representatives for both the FLSA and California state law claims and Plaintiff's attorneys as counsel for both the FLSA Collection and the proposed classes;

e) For an order awarding Plaintiff, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, together with interest on these amounts;

f) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

g) For a declaratory judgment that Defendant has violated the FLSA and California Labor Law and public policy as alleged herein;

h) For an order imposing all statutory and/or civil penalties provided by law, including without limitation penalties under California Labor Code §§ 203 and 226(e), together with interest on these amounts;

i) For exemplary and punitive damages, as appropriate and available under each cause of action, including pursuant to California Civil Code § 3294;

j) For all unpaid overtime wages due to Plaintiff and each Class member;

k) For an order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

l) Disgorgement of profits;

18

1      m) For an order awarding restitution of the unpaid regular, overtime, and premium

2           wages due to Plaintiff and Class members;

3      n) For pre- and post-judgment interest;

4      o) For disgorgement of profits;

5      p) For an award of reasonable attorneys' fees as provided by the FLSA, California

6           Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5;

7           and/or other applicable law;

8      q) For all costs of suit; and

9           For such other and further relief as the Court deems just and proper.

10

11  DATED:  April __, 2013          Respectfully submitted,

12                       THE TIDRICK LAW FIRM

13

14                   By:  /s/ Steven G. Tidrick

15                     STEVEN G. TIDRICK, SBN 224760
                           JOEL B. YOUNG, SBN 236662

16                     THE TIDRICK LAW FIRM
                       2039 Shattuck Avenue, Suite 308

17                     Berkeley, California  94704
                       Telephone:  (510) 788-5100

18                     Facsimile:   (510) 291-3226
                       E-mail:     sgt@tidricklaw.com

19                     E-mail:     jby@tidricklaw.com

20                     Attorneys for Individual and Representative
                       Plaintiff Michael Williams

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **JURY DEMAND**

Plaintiff in the above-referenced action, on his own behalf and on behalf of all persons

he seeks to represent, hereby demands a trial by jury on all counts.

DATED:  April __, 2013                          Respectfully submitted,

THE TIDRICK LAW FIRM


By:  /s/ Steven G. Tidrick
                                                     
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308
Berkeley, California  94704
Telephone:  (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:      sgt@tidricklaw.com
E-mail:      jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff Michael Williams

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT - 3:12-cv-06493-SI