UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUPERSHUTTLE INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-06493-WHO<br><br>**ORDER GRANTING PLAINTIFFS' (1) MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES, INCENTIVE AWARD, AND REIMBURSEMENT OF COSTS** |

    Plaintiff's Motion for Final Approval of Class Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Incentive Award, and Reimbursement of Costs (hereinafter "Motions") came on regularly for hearing on February 11, 2015 in the United States District Court for the Northern District of California, the Honorable William H. Orrick presiding. All parties were represented by counsel.

    Having considered the memoranda and declarations, oral arguments of counsel, and the relevant statutory and case law, and having conducted a fairness hearing on February 11, 2015, the Court GRANTS Plaintiff's Motions and orders and finds as follows:

1. The Motion for Final Approval of Class Settlement, filed January 7, 2015, is GRANTED.

2. The Parties' Proposed Settlement Agreement filed on July 11, 2014 (Docket No. 46) and the attachments thereto (hereinafter the "Settlement Agreement"), which the Court preliminarily approved as fair, adequate, and reasonable, and within the range of possible approval on September 11, 2014 (Docket No. 51), is incorporated by reference as if fully set forth herein, and the definitions used in the Settlement Agreement are

1. adopted for use herein.
3. This ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and ANNOTATED MANUAL FOR COMPLEX LITIGATION - FOURTH (2005).
4. The proposed Settlement Agreement is fair and reasonable and therefore approved. The average payout per claim is significant and participation rate of the class in this settlement of 40% is robust.
5. The Court certifies, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b), a settlement class defined as follows: All individuals currently or formerly employed by Defendants SuperShuttle International, Inc. or SFO Airporter, Inc. d/b/a/ Compass Transportation as bus drivers/operators in California at any time from December 21, 2008, through the date of Preliminary Approval of the Settlement.
6. Steven G. Tidrick, Esq., and Joel Young, Esq., of The Tidrick Law Firm are appointed as Class Counsel and Plaintiff Michael Williams is appointed as the Class Representative.
7. No member of the Rule 23 class has objected to the Settlement Agreement.
8. The Settlement Administrator shall distribute the awards to the class members as specified in the Settlement Agreement.
9. Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiff in this class action has moved for an award of attorneys' fees, incentive award, and reimbursement of costs.  Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law.
10. This class action settlement resolves a wage-and-hour dispute on a class-wide basis.
11. The Court's September 11, 2014 order granted preliminary approval of the class-wide settlement agreement, an agreement which specified that Class Counsel could request reimbursement from the settlement fund for up to $90,000 in attorneys' fees and costs,

1    and up to $3,000 as an incentive award to the Class Representative.  *See* Settlement

2    Agreement ¶¶ III(A)(2),(4) (Docket No. 46, at Page 9 of 37).

12. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B).  Notice of this fee-award motion was provided in the class notice.

13. When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards.  *In Re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

14. Under the percentage-of-the-fund method, it is appropriate to base the percentage calculation on the gross settlement amount.  *See generally Boeing v. Gemert,* 444 U.S. 472, 479, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980); *Williams v. MGM-Pathe Commc'ns Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997).

15. The Court adopts the percentage-of-the-fund approach here and finds that the fee-and-expense amount is reasonable.  The fee award of 25% of the fund is within the range of reasonable percentage-fee awards in this Circuit.  *See, e.g., Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("We have established a 25 percent benchmark in percentage-of-the-fund cases that can be adjusted upward or downward to account for any unusual circumstances involved in [the] case." (internal quotation marks and citation omitted)); *In re Pac. Enters. Sec. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995) ("[t]wenty-five percent is the 'benchmark' that district courts should award in common fund cases" (citation omitted)).

3

16. In terms of a lodestar cross-check, the attorneys' fees requested, 25% of the common fund amount of $300,000, equates to $75,000, which is less than 52% of the lodestar amount of $144,918.  The Court finds that Class Counsel's hours and hourly rates are reasonable, thus, the requested fee award results in a "negative multiplier" and supports a finding that the requested percentage of the fund, 25%, is reasonable and fair.

17. "'The prevailing view is that expenses are awarded in addition to the fee percentage.'" *Jefferson v. H&M Hennes & Mauritz*, L.P., 2013 U.S. Dist. LEXIS 2875 at *9 (C.D. Cal. filed Jan. 7, 2013) (quoting 1 ALBA CONTE, ATTORNEY FEE AWARDS § 2:08 at 50–51).  To date, Class Counsel have advanced all costs incurred in this case. The Tidrick Law Firm's total incurred litigation expenses were $911.44 as of November 25, 2014, and do not include modest, but real, expenses subsequently incurred.  These costs are reasonable.

18. An "enhancement" payment to Plaintiff Michael Williams of $3,000 is justified.

19. Settlement Administration Costs, as defined in the Settlement Agreement and described in open court at the hearing, are justified, and shall be paid from the common-fund settlement of $300,000.  *See* Settlement Agreement ¶ A.1.

20. Therefore, the Court orders an award of $75,000 in attorneys' fees and $911.44 in incurred litigation costs to The Tidrick Law Firm, and an "enhancement" payment to Plaintiff Michael Williams of $3,000, from the common-fund settlement of $300,000.

**IT IS SO ORDERED**.

Dated: February 12, 2015



WILLIAM H. ORRICK
United States District Judge

4